UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>LIVE WELL FINANCIAL, INC.,<br>MICHAEL C. HILD,<br>ERIC ROHR, and<br>DARREN STUMBERGER,<br><br>    Defendants. | Case No.: 1:19-cv-8086-JPC |

**~~[PROPOSED]~~ FINAL JUDGMENT AS TO DEFENDANT DARREN STUMBERGER**

The Securities and Exchange Commission ("Plaintiff") having filed a Complaint and Defendant Darren Stumberger ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, and the Commission having filed its Motion for Final Judgment as to the Defendant, and in accordance with the Consent Judgment previously entered into with regard to the Defendant;

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

1

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,197,632, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $829,126, for a total of $3,026,758, and that this liability is hereby deemed satisfied by the entry of an Order of Restitution against the Defendant in the amount of $45,715,100.72, jointly and severally with others, in the criminal case styled *U.S. v. Michael Hild*, 1:19-cr-00602 (S.D.N.Y.) [Document No. 247], and by the entry of an Order of Forfeiture against him in the criminal case styled *U.S. v. Darren Stumberger*, 1:19-cr-00608 (S.D.N.Y.) [Document No. 39].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's claim for a civil penalty against Defendant is dismissed.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent previously executed by Defendant [Docket No. 9-1] is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements

set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and for purposes of ordering further relief.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: May 20, 2025

JOHN P. CRONAN
United States District Judge